MICHAEL W. LARGE, ESQ.
Nevada State Bar No.: 10119
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, NV 89521
Tel: (775)322-1170
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AUDREY S. OSWELL,<br><br>Plaintiff,<br>v.<br><br>MORGAN STANLEY DEAN WITTER & CO., INC., and MORGAN STANLEY GAMING COMPANIES HOLDINGS, INC.,<br><br>Defendants. | U.S. District Court of New Jersey<br>Civil Action No. 06-cv-5814 (JBS)(AMD)<br>Honorable Jerome B. Simandle, U.S.D.J.<br>Honorable Ann Marie Donio, U.S.M.J.<br><br>3:08-ms-00001 |

## MOTION TO SERVE SUBPOENA BY ALTERNATIVE METHOD

Defendants MORGAN STANLEY AND VENTURA HOLDINGS, INC. (collectively "Morgan Stanley" or "Defendants"), by and through their counsel Laxalt & Nomura, Ltd., respectfully submit this request for an Order permitting Defendants to serve a Subpoena on non-party witness Roger Wagner by an alternative method. This Motion is based on Federal

///
///
///
///
///
///
///
///

Paid Amt $39.00  Date 1/31/08
Receipt # 20333  Initials

Rule of Civil Procedure 45 and the Memorandum of Points and Authorities and documents filed herein.

DATED this 31st day of January, 2008.

_____
MICHAEL W. LARGE, ESQ.
Nevada State Bar No.: 10119
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, NV 89521
Tel: (775)322-1170
Attorneys for Defendants

## POINTS AND AUTHORITIES

### I.

### *PRELIMINARY STATEMENT*

This Motion arises out of ongoing litigation currently pending in the United States District Court for the District of New Jersey. Roger Wagner is the former Chief Operating Officer of Resorts International Holdings, Inc., an affiliate of Resorts International Hotel, Inc. ("Resorts"), the company with whom Plaintiff, Audrey S. Oswell, was employed. Just prior to the period of time at issue in the lawsuit, Ms. Oswell had been advised that Mr. Wagner was going to be offered the position of COO rather than her. Her displeasure with her employer's decision as well as conditions at Resorts, rather than any alleged promise of Defendants, was the primary reason Ms. Oswell left Resorts, and Mr. Wagner's testimony is likely to confirm that fact. Mr. Wagner currently lives in Las Vegas, Nevada.

Since November 2007, Morgan Stanley has attempted <u>more than a dozen times</u> to serve Mr. Wagner to appear for a deposition in accordance with Federal Rule of Civil Procedure 45, but he either has not been home when such attempts have been made or is purposefully evading service. These many attempts are catalogued in detail in this motion and in the accompanying affidavits. As it appears either that Mr. Wagner's business obligations or his reluctance to appear as a witness is preventing service from being effected, Morgan Stanley respectfully

requests that the Court authorize service of this witness by alternative means so that his deposition can finally be scheduled. Given that the deadline for the close of fact discovery is March 17, 2008, Morgan Stanley further requests that the Court grant this application as soon as practicable.

## II.

### *FACTUAL BACKGROUND*

On November 1, 2007, process server Patricia Barrows attempted to serve a Subpoena in a Civil Case and Notice of Subpoena for Deposition on non-party witness Roger Wagner at his place of residence, 1812 Wincanton Drive, Las Vegas, Nevada 89134. (Ex. A at ¶¶ 2-3). Ms. Barrows discovered the residence was a gated community, gained entry into the community, but received no answer at the residence, which was dark. (*Id.* at ¶ 3.) Ms. Barrows attempted service on November 5, 2007, but was advised by Mr. Wagner's brother-in-law that Mr. Wagner was back east and that he did not know when Mr. Wagner was going to return. (*Id.*) On November 16, 2007, Ms. Barrows attempted service once again, but was advised by the gate guard that the occupants of the Wagner residence were out of town, and received no answer at the residence. (*Id.* at ¶ 5.) Ms. Barrows tried again to effectuate service at the Wagner residence on November 19, 2007, but received no response. (*Id.* at ¶ 6.) On November 20, 2007, during another attempt, Ms. Barrows spoke with Mrs. Wagner, who advised that Mr. Wagner would be back on November 23, 2007. (*Id.* at ¶ 7.) On November 23, 2007 and November 24, 2007, Ms. Barrows went to the Wagner residence to attempt service, but received no answer. (*Id.* at ¶¶ 8-9.)

On December 5, 2007, process server Marie A. Scheib attempted to effect service at Mr. Wagner's residence, but was advised by the gate guard that Mr. Wagner had left for vacation and would return in January 2008. (Ex. B at ¶ 3.) Ms. Scheib gained entry into the community, but received no response at the residence. (*Id.*) On December 6, 2007, Ms. Scheib again attempted service, but received no response. (*Id.* at ¶ 5.)

On December 12, 2007, process server Mario Robinson attempted service and was advised by the gate guard that Mr. Wagner was on vacation until mid-January 2008. (*Id.* at ¶

4.) Mr. Robinson gained entry into the community, but received no response at the residence. (*Id.*)

On January 15, 2008, after receiving a newly issued subpoena and notice of subpoena for deposition, process server Patricia Barrows attempted to effect service at Mr. Wagner's residence by gaining entry onto the premises. (Ex. C at ¶¶ 2-3.) She received no response at the residence, noting the residence was dark. (*Id.* at ¶ 3.) On January 16, 2008, Ms. Barrows returned to try to effect service, but received no response at the residence, which was dark. (*Id.* at ¶ 4.) On January 17, 2008, Ms. Barrows attempted to effect service again and spoke with Mrs. Wagner, who advised that Mr. Wagner was in China for three weeks. (*Id.* at ¶ 5.)

## III.

## *ARGUMENT*

For the past three months, Morgan Stanley has attempted to personally serve Mr. Wagner at his residence to no avail. Each of the thirteen attempts has failed due to the simple fact that it appears that Mr. Wagner is never home. According to his wife, Mr. Wagner will be out of the country until on or about February 8, 2008. In view of Mr. Wagner's unpredictable schedule and an upcoming fact discovery deadline of March 17, 2008, Morgan Stanley respectfully asks that this Court allow Mr. Wagner to be served via certified mail or Federal Express.

In construing the Federal Rules of Civil Procedure, a district court is required to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Rule 45 permits parties in legal proceedings to compel a non-party to appear and testify at a designated time and location. Fed. R. Civ. P. 45. In regard to the mechanism of "service," Rule 45(b)(1) states, in relevant part:

> A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person.

Courts have recognized that the preferred method of effectuating service to witnesses under FRCP 45 is through personal service. *See, e.g., Hall v. Sullivan*, 229 F.R.D. 501, 503-06

(D. Md. 2005). When necessary, however, district courts have allowed "service by something less than personal service *as long as it ensures receipt.*" *Tubar v. Clift*, 2007 U.S. Dist. LEXIS 5674 (D. Wash. 2007) (emphasis added); *see Hall*, 229 F.R.D. at 503-06 (Federal Express delivery sufficient to satisfy requirements of Rule 45(b)(1)); *Doe v. Hersemann*, 155 F.R.D. 630, 630-31 (N.D. Ind. 1994) (certified mail delivery sufficient because neither text nor purpose of Rule 45 requires personal service). *See also Hinds v. Bodie*, No. 84 CV 4450, 1988 WL 33123, at *1 (E.D.N.Y. March 22, 1988) ("After five unsuccessful attempts to personally serve Roger Bell, a non-party witness, with a deposition subpoena, the Court ordered that service be made by alternate means.").

Similar to the five unsuccessful attempts referred to in *Hinds v. Bodie*, Morgan Stanley has attempted without success to serve Mr. Wagner thirteen times. Service by alternative means is necessary to ensure that Morgan Stanley will be able to conduct and complete its pretrial discovery in a timely manner. Moreover, Mr. Wagner will not be prejudiced if the Court permits service by an appropriate alternative method. As the former COO of Resorts International Holdings, Inc., Mr. Wagner is a sophisticated businessman and should be accustomed to receiving business/legal documents through the mail or delivery to his home. Further, his wife has personal knowledge of attempts by process servers to serve him with a subpoena. (*See* Ex. A at ¶ 7; Ex. C at ¶ 5.) It is logical to assume that Mr. Wagner has been informed of these attempts at personal service, but has made no attempt to contact Morgan Stanley or its counsel.

Accordingly, Defendants respectfully request permission to serve Mr. Wagner by either certified mail or Federal Express. Alternative service is necessitated by Mr. Wagner's frequent absences -- feigned or real -- from his residence. Service via certified mail or Federal Express would ensure receipt by Mr. Wagner and, in accordance with the Federal Rules of Civil Procedure, result in a just, speedy, and inexpensive determination of this action.

///

///

///

## IV.

## *CONCLUSION*

Accordingly, Morgan Stanley respectfully requests leave to serve a Subpoena on non-party witness Roger Wagner by either certified mail or Federal Express.

DATED this 31st day of January, 2008.

MICHAEL W. LARGE, ESQ.
Nevada State Bar No.: 10119
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, NV 89521
Tel: (775)322-1170
Attorneys for Defendants

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I hereby certify that I am an employee of LAXALT & NOMURA, LTD., and that on January 31, 2008, I served a true and correct copy of the foregoing **MOTION TO SERVE SUBPOENA BY ALTERNATIVE METHOD** by:

__✓__   Depositing for mailing, in a sealed envelope, U.S. Postage prepaid, at Reno, Nevada

_____   Personal delivery

_____   Facsimile

_____   E-File

addressed as follows:

Charles A. Ercole, Esq.
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 South Broad Street
Philadelphia, PA  19102-5003
*Attorneys for Plaintiff Audrey S. Oswell*

DATED this 31st day of January, 2008.

_____
Yvonne Larssen, an Employee of Laxalt & Nomura

**EXHIBIT "A"**

**EXHIBIT "A"**

Issued by the
UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Audrey S. Oswell,

v.

Morgan Stanley Dean Witter & Co., Inc. and
Morgan Stanley Gaming Companies Holdings, Inc.,

And

Resorts International Hotel, Inc.

v.

Morgan Stanley and Ventura Holdings
(a/k/a Morgan Stanley Gaming Companies Holdings, Inc.)

Case No.: 06-cv-5814 (JBS) (AMD) (D.N.J.)
07-cv-105 (JBS) (AMD) (D.N.J.)

TO:    Roger Wagner
       1812 Wincanton Drive
       Las Vegas, Nevada 89134-6171

## AFFIDAVIT OF ATTEMPTED SERVICE RE: ROGER WAGNER

State of Nevada        )
                       ) ss.
County of Clark        )

Patricia Barrows, first being duly sworn deposes and says:

1.    That affiant is and was at all times mentioned herein a citizen of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve civil process under Nevada license number 389.

2.    That affiant received the within Subpoena In A Civil Case and $55.00 Witness Fee Check on November 1, 2007.

3.    That affiant attempted to serve a copy of said documents on said Witness, Roger Wagner, at party's last known address, which is 1812 Wincanton Dr., Las Vegas, Nevada 89134, on November 1, 2007 at 7:57 p.m., and found the address to be in a guard gated community. Affiant gained entry and received no answer. Affiant observed the property to be dark.

4.    That affiant attempted service on November 5, 2007 at 8:37 p.m., and spoke with John Ball, brother-in-law, who stated the Witness is back east and does not know when the Witness will be returning.

-1-

5. That affiant attempted service on November 16, 2007 at 8:39 p.m., and spoke with the gate guard, who stated he has a note in the system that states the occupants are out of town. Affiant gained entry and received no answer.

6. That affiant attempted service on November 19, 2007 at 8:16 p.m., and received no answer.

7. That affiant attempted service on November 20, 2007 at 7:18 p.m., and spoke with "wife", occupant, who stated the Witness will be back on Friday, November 23, 2007.

8. That affiant attempted service on November 23, 2007 at 9:16 a.m., and received no answer. Affiant observed a white vehicle in the driveway with Nevada license plate number Y371.

9. That affiant attempted service on November 24, 2007 at 10:31 a.m., and received no answer. Affiant observed the same vehicle in the driveway.

10. That affiant on the basis of the foregoing information was unable to serve said Witness, Roger Wagner, in Clark County, Nevada.

Further your affiant saith naught.

_____
Patricia Barrows

Subscribed and Sworn to Before me
this 29th day of November, 2007.

_____
Notary Public in and for said
County and State



CATHLEEN V. HOLMES
Notary Public State of Nevada
No. 97-1770-1
June 21, 2011

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

-2-

**EXHIBIT "B"**

**EXHIBIT "B"**

Issued by the
UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Audrey S. Oswell,

CASE NUMBER: 06-CV-5814 (JBS) (AMD) (D.N.J.)

v.                                                                07-CV-105-(JBS) (AMD) (D.N.J.)

Morgan Stanley Dean Witter & Co., Inc., and
Morgan Stanley Gaming Companies Holdings, Inc.,

And

Resorts International Hotel, Inc.

    v.

Morgan Stanley and Ventura Holdings
(a/k/a Morgan Stanley Gaming Companies
Holdings, Inc.)

TO:  Roger Wagner

## AFFIDAVIT OF ATTEMPTED SERVICE RE:   ROGER WAGNER

State of Nevada            )
                           ) ss.
County of Clark            )

   Marie A. Scheib and Mario Robinson, first being duly sworn depose and say:

   1.    That affiants are and were at all times mentioned herein citizens of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve civil process under Nevada license number 389.

   2.    That affiants received the within Subpoena In A Civil Case, Notice Of Subpoena For Deposition Of Roger Wagner, Letter, and $55.00 Witness Fee Check on December 5, 2007.

   3.    That affiant, Marie A. Scheib, attempted to serve a copy of said documents on the Witness, Roger Wagner, at party's last known address, which is 1812 Wincanton Dr., Las Vegas, Nevada 89134, on December 5, 2007 at 11:51 a.m., and found the address to be in a guard gated community. Affiant spoke with the guard, who stated the Witness left for vacation and will return in January, 2008. Affiant gained entry and received no answer. Affiant at that time left a business card for the Witness to contact the Affiant.

4. That affiant, Mario Robinson, attempted service at 1812 Wincanton Dr., Las Vegas, Nevada 89134, on December 12, 2007 at 10:19 a.m., and spoke with "Ali", gate guard, who stated the Witness is on vacation until mid January, 2008.

5. That affiant, Marie A. Scheib, attempted service at 1812 Wincanton Dr., Las Vegas, Nevada 89134, on December 6, 2008 at 8:10 a.m., and was unable to obtain any information from the gate guard. Affiant gained entry and received no answer.

6. That affiants on the basis of the foregoing information were unable to serve said Witness, Roger Wagner, in Clark County, Nevada.

Further your affiants saith naught.

Marie A. Scheib

Mario Robinson

Subscribed and Sworn to Before me this 28th day of January, 2008.

Notary Public in and for said
County and State



LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

-2-

**EXHIBIT "C"**

**EXHIBIT "C"**

Issued by the
UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Audrey S. Oswell,

CASE NUMBER: 06-CV-5814 (JBS) (AMD) (D.N.J.)

v.

Morgan Stanley Dean Witter & Co., Inc., and
Morgan Stanley Gaming Companies Holdings, Inc.,

TO: Roger Wagner

AFFIDAVIT OF ATTEMPTED SERVICE RE:   ROGER WAGNER

State of Nevada        )
                       ) ss.
County of Clark        )

Patricia Barrows, first being duly sworn deposes and says:

1. That affiant is and was at all times mentioned herein a citizen of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve civil process under Nevada license number 389.

2. That affiant received the within Subpoena In A Civil Case, Proof Of Service, Notice Of Subpoena For Deposition Of Roger Wagner, Letter, and $56.00 Witness Fee Check on January 15, 2008.

3. That affiant, Patricia Barrows, attempted to serve a copy of said documents on the Witness, Roger Wagner, at party's last known address, which is 1812 Wincanton Dr., Las Vegas, Nevada 89134, on January 15, 2008 at 6:26 p.m., and found the address to be in a guard gated community. Affiant gained entry and received no answer. Affiant observed the property to be dark.

4. That affiant, Patricia Barrows, attempted service on January 16, 2008 at 7:43 p.m., and was unable to obtain information from the gate guard. Affiant gained entry and received no answer. Affiant observed the property to be dark.

5. That affiant, Patricia Barrows, attempted service on January 17, 2008 at 7:08 p.m., and spoke with "wife", who stated the Witness is in China with Jack Binnion for 3 weeks.

\* \* \* \*

\* \* \* \*

-1-

6. That affiant on the basis of the foregoing information was unable to serve said Witness, Roger Wagner, in Clark County, Nevada.

Further your affiant saith naught.

_____
Patricia Barrows

Subscribed and Sworn to Before me this 21st day of January, 2008.

_____
Notary Public in and for said County and State



-2-